UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

NEHA SHAH,

        Plaintiff,

                      CASE NO.:

vs.

COMSPARK INTERNATIONAL,
INC., a Tennessee For Profit
Corporation, and RAMESH BASA,
Individually,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NEHA SHAH, was an employee of Defendant, COMSPARK INTERNATIONAL, INC., a domestic for profit corporation, and RAMESH BASA, individually (hereinafter "Defendants"), and brings this action for minimum wages, unpaid overtime compensation, unpaid wages, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**I.    NATURE OF SUIT**

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living necessary for health, efficiency, and general well-being of workers and the free flow of commerce

that double payment must be made in the event of delay in order to ensure the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendants minimum wages, overtime compensation, unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## II. PARTIES

2. Plaintiff was an employee of Defendants working as a customer service consultant on behalf of Defendants within the last three years and performed related activities for Defendants in Philadelphia, Pennsylvania.

3. Defendant, COMSPARK INTERNATIONAL, INC., is a Tennessee corporation that operates and conducts business in, among others, Shelby County, Tennessee and is therefore, within the jurisdiction of this Court.

4. Defendant, RAMESH BASA, is/was owner and acting manager of Defendant, COMSPARK INTERNATIONAL, INC., who, upon information and belief, resides in Collierville, Tennessee; therefore venue is proper in the Western District of Tennessee, Memphis Division.

## III. JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

## IV. COVERAGE

6. At all material times relevant to this action, Defendant, COMSPARK INTERNATIONAL, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

7. Additionally, Plaintiff was individually engaged in interstate commerce during her employment with Defendants.

8. At all material times (2010 – 2013), Defendants were employers as defined by 29 U.S.C. §203(d).

9. At all material times (2010-2013), Defendant, COMSPARK INTERNATIONAL, INC., has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the Act, in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as computer and office equipment, furniture, office supplies and telephones, etc.

10. In addition, Plaintiff was individually engaged in commerce in that she used the internet and telephone services provided by out of state companies as a regular part of her job duties.

11. Plaintiff also corresponded with Defendant's out of state customers several times per week through the internet, email and phone while performing her job duties.

12. At all times relevant to this action, RAMESH BASA, was an individual resident of the State of Tennessee, who was acting manager of COMSPARK INTERNATIONAL, INC., and who regularly exercised the authority to: (a) hire and fire employees of COMSPARK INTERNATIONAL, INC.; (b) determine the work schedules for the employees of COMSPARK INTERNATIONAL, INC.; and (c) control the finances and operations of COMSPARK INTERNATIONAL, INC. By virtue of having regularly exercised that authority on behalf of COMSPARK INTERNATIONAL, INC., RAMESH BASA is an employer as defined by 29 U.S.C. §201, et seq.

13.  At all material times (2010-2013), Defendant has had, and continues to have, an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

V.  **FACTUAL ALLEGATIONS**

14.  Defendants own and operate a company in the business of providing customer support services to its customers.

15.  Plaintiff, NEHA SHAH, was employed by Defendants as a customer service consultant for Defendants in Philadelphia County, Pennsylvania.

16.  Plaintiff worked in this capacity from approximately November 2011 through August 2012.

17.  Defendants agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendants.

18.  At all times relevant to this action, Defendants have failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week, to ensure that Plaintiff was paid her complete wages, or to ensure that Plaintiff was paid at least minimum wages for work performed on behalf of the Defendants.

19.  During her employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks, was not paid her complete wages for one or more work weeks, and was not paid at least minimum wage for all hours worked for one or more work weeks.

20.  Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

COMPLAINT AND DEMAND FOR JURY TRIAL
PAGE 4

## COUNT I – RECOVERY OF UNPAID MINIMUM WAGES

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above as though fully stated herein.

22. Plaintiff is/was entitled to be paid minimum wage for each hour worked during her employment with Defendants.

23. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

24. Specifically, for the period of approximately March 2012 through August 2012, Plaintiff performed work for the Defendants but received no compensation whatsoever.

25. Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

26. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NEHA SHAH, demands judgment against Defendants, COMSPARK INTERNATIONAL, INC., and RAMESH BASA, for compensatory damages, pre-judgment and post judgment interest at the highest rate allowable by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above

as though fully stated herein.

29. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

30. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

31. Specifically, Plaintiff was paid at her straight time rate of pay for hours worked over forty within a workweek and did not receive additional compensation at a rate of not less than time and one half of her regular rate of pay for those hours she worked over forty (40) within a workweek.

32. Defendants' activities in this regard resulted in Plaintiff not being paid and/or not receiving proper credit and pay for overtime hours worked on behalf of the Defendants.

33. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

35. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

36. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NEHA SHAH, demands judgment against Defendants for the payment of all overtime hours at one and one-half times her regular rate of pay for the hours worked

by her for which Defendants did not properly compensate her, liquidated damages or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest rate allowable by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III- RECOVERY OF UNPAID WAGES

38. Plaintiff re-incorporates and re-adopts all allegations contained in Paragraphs 1-20 above as though fully stated herein.

39. Plaintiff, NEHA SHAH, worked as a customer service consultant for Defendants from approximately November 2011 through August 2012.

40. Defendants promised to pay Plaintiff between $40 and $50 per hour in exchange for her services.

41. Plaintiff accepted.

42. Plaintiff worked multiple weeks for Defendants and did not receive any compensation whatsoever.

43. Defendants, therefore, wrongfully deprived Plaintiff of wages to which Plaintiff was lawfully entitled.

44. Defendants' withholding of Plaintiff's paychecks resulted in her receiving no wages during the period from approximately March 2012 through August 2012 (approximately twenty-two weeks).

45. Plaintiff has been damaged as a result of Defendants' failure to pay Plaintiff the agreed upon wages to which she was entitled.

46. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NEHA SHAH, demands judgment against Defendants for the

unpaid wages found to be due and owing, compensatory damages, pre-judgment interest, post-judgment interest, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 18 day of February, 2013.

Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Email: CLeach@forthepeople.com
Attorneys for Plaintiff